J-S25028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLAUDE EDWARDS, JR. | : | |
| | : | |
| Appellant | : | No. 3390 EDA 2024 |

Appeal from the PCRA Order Entered November 15, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002494-2020

BEFORE:  PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 27, 2025**

Appellant, Claude Edwards, Jr., appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  After careful review, we dismiss this appeal.

In 2020, the Commonwealth charged Appellant with 128 counts in connection with his sexual abuse of two nieces that occurred over five-year periods when they were minors.  Appellant's preliminary hearing took place on September 27, 2020, at which Stewart Charles Paintin, Esq., represented Appellant.  On February 10, 2021, Meredith P. Copeland, Esq., of the Chester County Public Defenders' Office entered her appearance in the court of county pleas on behalf of Appellant. On October 29, 2021, Appellant entered a negotiated guilty plea to one count each of Involuntary Deviate Sexual Intercourse, Aggravated Indecent Assault of a Minor, attempted IDSI, and Indecent Assault. The court imposed the negotiated sentence of  18 to 40

years' incarceration and ordered the Sexual Offender Assessment Board to perform an assessment to determine whether Appellant met the criteria of a sexually violent predator ("SVP").

Appellant sent *pro se* correspondence to the trial court in November and December 2021 alleging, among other things, the ineffective assistance of preliminary hearing counsel and plea counsel. On January 24, 2022, the court entered an Order deeming Appellant's December correspondence to be a PCRA Petition and appointed C. Curtis Norcini, Esq., as PCRA counsel.

On January 25, 2022, the Commonwealth filed a Praecipe asking the court to schedule a hearing pursuant to 42 Pa.C.S. § 9799.24 ("SVP Hearing"). On February 15, 2022, the court appointed Michael G. Noone, Esq., to represent Appellant in the SVP proceeding. Order, 1/15/22.

On February 25, 2022, Attorney Norcini filed a praecipe to withdraw Appellant's PCRA petition as prematurely filed.[1]

On April 8, 2022, the court entered a "continuance order" of the SVP hearing in order to allow Attorney Noone to review discovery. Following additional continuances, on October 20, 2022, the court entered an Order finding Appellant to be an SVP and directing his compliance with SORNA's registration requirements. Appellant did not file a direct appeal.

---

[1] **See Commonwealth v. Harris**, 972 A.2d 1196, 1202 (Pa. Super. 2009) (concluding judgment of sentence became final only following the court's SVP determination).

On March 21, 2023, Appellant sent the court a letter challenging, *inter alia*, Attorney Paintin's failure to visit him in prison following his preliminary hearing and failure to consult with Attorney Copeland regarding the Commonwealth's first plea offer.[2]  By order dated March 27, 2023, the court deemed Appellant's correspondence a PCRA petition and again appointed Attorney Norcini to represent Appellant as PCRA counsel.  Following Attorney Norcini's departure from the conflict counsel list in June 2023, the court appointed Charles Thomas, Esq.

After the PCRA court granted numerous extensions of time, on September 11, 2024, Attorney Thomas filed a ***Turner/Finley***[3] letter and Motion to Withdraw as PCRA counsel. On September 19, 2024, the court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Appellant did not respond to the Rule 907 Notice or the ***Turner/Finley*** letter.

---

[2] In  his March 21, 2023 letter, Appellant asserted that preliminary hearing counsel had informed him while Appellant was discussing bail with the magistrate, that the Commonwealth would recommend a sentence of "10-12 or 10-20 years" of incarceration in exchange for a guilty plea, and Appellant told counsel at the time that he did not want to discuss. ***See*** Defendant's Letter (deemed PCRA Petition), dated March 15, 2023. He claimed that had preliminary counsel visited him in prison following the preliminary hearing, he would have been able to accept the Commonwealth's first plea offer. Appellant also acknowledged, however, that Attorney Copeland told him prior to his entering his guilty plea that the Commonwealth had withdrawn the first plea offer after the preliminary hearing.  ***See id.***, at 1.

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

On November 15, 2024, the court granted counsel's motion to withdraw, and dismissed Appellant's PCRA petition.

On December 17, 2024, Appellant *pro se* filed a notice of appeal dated December 6, 2024, again alleging ineffective assistance of counsel. "Notice of Appeal," filed 12/17/24, at 3.[4]  On December 19, 2024, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On January 2, 2025, *pro se* Appellant submitted a response to the court's concise statement order in which he again raised claims asserting ineffectiveness of counsel. He also raised other complaints about the underlying merits of his convictions and challenged as untrue certain conduct to which he had pled guilty.[5]  The PCRA court filed its Rule 1925(a) Opinion on January 14, 2025.

_____

[4] Although Appellant's filing in the court of common pleas was not labeled "Notice of Appeal," Appellant had addressed it to the Superior Court and the trial court forwarded the filing to this Court where this Court docketed it as an appeal from the PCRA court's order entered November 15, 2024.

[5] On January 9, 2025, the PCRA court entered an order substituting Daniel A. Hollander, Esq., for Attorney Noone.  However, Attorney Noone had been appointed to represent Appellant prior to the SVP hearing, not as PCRA counsel.  On April 11, 2025, the PCRA court vacated its Order appointing Attorney Hollander, stating the appointment was "improvident," apparently because the court failed to recognize before entering the appointment order that the notice of appeal filed December 17, 2024, was not a direct appeal. *See* Order, 4/11/25, at n.1 (noting that it had allowed PCRA counsel to withdraw prior to dismissal of the PCRA petition). *See Commonwealth v. Gibson*, 318 A.3d 927, 933 (Pa. Super. 2024) (reiterating that "once the [PCRA] court permits PCRA counsel to withdraw after filing a *Turner*/*Finley* *(Footnote Continued Next Page)*

- 4 -

On March 11, 2025, this Court issued a Rule to Show Cause ("RTSC") as to why this appeal should not be quashed because (1) *pro se* Appellant failed to provide a date as to the order from which he was appealing, and (2) the appeal from the November 15, 2024 order appeared to be untimely. Appellant *pro se* provided a response that directed our attention to the preliminary hearing transcript. **See** Response, dated 3/19/25. He also asserted various claims unrelated to the PCRA petition and not responsive to the RTSC. The Court discharged the RTSC for the merits panel to address the timeliness of the appeal.

Preliminarily, we must address whether Appellant's untimely appeal may be excused by the prisoner mailbox rule. Our rules of appellate procedure provide that an appeal must be filed within 30 days after entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). An appellant's failure to appeal an order timely "generally divests the appellate court of its jurisdiction to hear the appeal." **Commonwealth v. Williams**, 106 A.3d 583, 587 (Pa. 2014)(citation omitted). However, under the prisoner mailbox rule, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted). "[A]ny reasonably verifiable evidence of the date that the prisoner deposits the document with prison authorities" is

_____

'no-merit' letter, an appellant is no longer entitled to the appointment of counsel on appeal." (citation omitted)). No counsel entered an appearance in this Court.

acceptable to satisfy this rule. ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa. Super. 2002) (quoting ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997)(defining prisoner mailbox rule)).

Here, Appellant's *pro se* notice of appeal had to have been filed by December 15, 2024, 30 days after the order dismissing his PCRA petition was filed. The Chester County clerk of courts received Appellant's notice of appeal on December 17, 2024. Although Appellant provided no cash slip or other evidence in response to our RTSC indicating when he placed his notice of appeal with prison officials for filing, we nonetheless conclude that Appellant's notice of appeal, dated December 6, 2024, would have been placed with prison authorities sometime before or on December 15, 2024, in order to arrive at the court on December 17, 2024. Accordingly, we conclude Appellant timely filed his notice of appeal from the order dismissing his PCRA petition.

Nevertheless, we are unable to proceed to the merits of this appeal. Upon review of *pro se* Appellant's Brief filed February 27, 2025, and Appellant's *pro se* filing titled "Genuine Issue of Fact," dated May 21, 2025 (which we deem to be an "Amended Brief"), we conclude that Appellant's noncompliance with our rules of procedure forecloses any possibility of meaningful appellate review.[6]

---

[6] The Commonwealth has requested that this appeal be quashed because of the inadequacies of Appellant's brief. ***See*** Appellee's Br. at 7-14.

- 6 -

"Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003). "[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Freeland**, 106 A.3d 768, 776 (Pa. Super. 2014). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010)(citation omitted).

Here, Appellant's briefs fail to conform to the basic requirements of appellate advocacy as provided in our rules of appellant procedure. **See** Pa.R.A.P. 2111, 2114-2119 (briefing rules). Appellant's briefs do not include: (1) a statement of jurisdiction; (2) a copy of the order on appeal; (3) any statement of the scope and standard of review; (4) a statement of questions involved; (5) a coherent statement of the case; or (6) a summary of the argument. **See** Pa.R.A.P. 2111(a) (listing required contents for appellate briefs).

Moreover, Appellant's briefs contain no discrete argument sections, and the series of claims that he provides are devoid of any citations to the record or relevant controlling case law applied and analyzed under the facts of this case. **See** Appellant's Br. at 1-4; Amended Br., at 1-9. **See also** Pa.R.A.P. 2119 (providing briefing requirements for argument). "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be

supported by discussion and analysis of pertinent authority." *Eichman v. McKeon*, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted). *See* Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). *See* Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

Appellant's briefs contain complaints pertaining to the allegations underlying the offenses to which he pled guilty and assertions that counsel was ineffective because he should have been allowed to accept the Commonwealth's offer of 10 to 20 years' incarceration.[7] The briefing defects are so substantial that this Court would have to act as Appellant's counsel to frame and develop his issues to provide meaningful review. This we will not do. Accordingly, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/27/2025

---

[7] As the Commonwealth notes, Appellant has never sought to withdraw his guilty plea and if Appellant had gone to trial and been convicted, he would have risked being subjected to a sentence "accruing [t]o hundreds of years of in prison." Appellee's Br. at 18, 22.

- 8 -